### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |  |
|---|---|---|
| **Abdul Grant,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:22-cv-330 (RDA/IDD)** |
| | ) | |
| **Ernest Bowers, *et al.*,** | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Abdul Grant ("Grant" or "Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by employees of the Western Tidewater Regional Jail ("WTRJ") because he was denied out-of-cell recreation from May 17, 2021, through February 28, 2022. [Dkt. No. 1 at 5]. The Defendants (William C. Smith, Superintendent; Lt. Col. Ernest Bower; Capt. Tanya Blair; and Capt. Leon Dupree) filed a motion for summary judgment, supported by affidavits, documents, and a supporting brief. [Dkt. Nos. 12, 13]. Plaintiff has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 14] and Local Rule 7(K), and has filed a response. [Dkt. No. 16]. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the Defendants' motion for summary judgment must be granted.

#### I. Undisputed Statement of Facts

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, set forth a statement of material facts that they contend are undisputed. Plaintiff has not complied with his

obligations under those Rules by submitting statements of undisputed and disputed facts.[1] *See Integrated Direct Mktg., LLC v. May*, 129 F. Supp. 3d 336, 345 (E.D. Va. 2015) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine facts in opposition to the motion") (quoting E.D. Va. Loc. Civ. R. 56(B)), *aff'd*, 690 F. App'x 822 (4th Cir. 2017); *see also JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 705, 707 (E.D. Va. 2007) (movant's statement of undisputed facts is deemed admitted where nonmovant's response fails to "identify with any specificity which facts, if any, were disputed") (citing E.D. Va. Loc. Civ. R. 56(B)). Accordingly, the undisputed facts set forth below are based upon the defendants' affidavits and exhibits.[2]

---

[1] Grant also attempts to raise new claims in his response to the motion for summary judgment that are irrelevant to the claim alleging that he was denied recreation that he set forth in his complaint. The new claims concern dust and debris in the cell area due to work by outside contractors on November 9, 2021 and an allegation that he was "pepper sprayed" on one occasion and was injured. A plaintiff, however, is "bound by the allegations contained in [his] complaint and cannot, through the use of motion briefs, amend the complaint." *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *see Klein v. Boeing Co.*, 847 F. Supp. 838, 844 (W.D. Wash. 1994) (a claim raised in opposition to a motion for summary judgment is not properly before the Court). Grant cannot amend his complaint by raising new matters in a response to a motion. *See Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (holding that "a plaintiff may not amend her complaint via briefing") (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Because the new claims are raised in his opposition to the motion for summary judgment they are not properly before the Court and will not be addressed here.

[2] The record of admissible evidence includes defendants' affidavits and exhibits. [Dkt. Nos. 13-1–13-6]. Neither Plaintiff's original complaint nor his response are verified or sworn. While the response has a notary's stamp, it was not sworn to under oath and it does not satisfy the requirements of 28 U.S.C. § 1746. At best, it is acknowledged, which is not sworn to and is not an affidavit. *See Bradley v. U.S.*, 218 F.2d 657, 659 n.1 (9th Cir. 1954) (document acknowledged ..., but not sworn to, was not an affidavit), *rev'd on other grounds*, 348 U.S. 967 (1955); *Miller Studio, Inc. v. Pac. Imp. Co.*, 39 F.R.D. 62, 65 (S.D.N.Y. 1965) (Rule 56(e) "demands affidavits" and the "paper, since it is not sworn to, is not an affidavit."). *See also In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (holding "that 28 U.S.C. § 1746 requires that

1.      At all relevant times, Plaintiff, a convicted felon, was incarcerated at WTRJ, and subject to WTRJ policies and procedures. [Dkt. No. 13-1 at 1].

2.      At all relevant times, defendants were employed by the WTRJ. [*Id.*].

3.      WTRJ is a regional jail subject to the VDOC's Minimum Standards for Jails and Lockups.  WTRJ is not subject to the VDOC's policies and procedures for the Commonwealth's correctional facilities.  [Dkt. Nos. 13-1 at 1-2; 13-2 and 13-3] (citing 6VAC15-40-15, *et seq.*).[3]

4.      WTRJ's Recreation Program policy, Administration Regulation Ch. 7, Pt. 10, provides that inmates in disciplinary segregation are exempt, *inter alia*, from receiving the one hour per week minimum recreation.  [Dkt. No. 13-2 at 2] (Recreation Program).

5.      WTRJ's Segregation Policy, Ch. 5, Pt. 8-2, provides that inmates in disciplinary segregation lose privileges, including recreation. [Dkt. No. 13-3 at 5] (Segregation).

6.      During the time period set forth in the complaint, May 17, 2021, through February 28, 2022, Plaintiff was charged with and found guilty of multiple major rules violations for a variety of reasons, which included repeated incidents in which he exposed himself to female

---

a certification of the truth of a matter be expressly made under penalty of perjury").

[3] Plaintiff argues that the WTRJ must follow Virginia Department of Corrections ("VDOC") policy when a VDOC inmate is detained at the WTRJ, but he provides no authority for his argument. [Dkt. No. 16 at 1].  Plaintiff's argument is unfounded and irrelevant because the material question in this civil action is whether being on cell restriction between May 17, 2021 and February 28, 2022 violated his constitutional rights, and not whether the defendants violated a VDOC policy.  Further, and contrary to his assertion, the VDOC regulations do allow for the loss of recreation as a sanction for a disciplinary violation.  *See* VDOC OP 861.1, Offender Discipline, Institutions, Part VI. Authorized Disciplinary Penalties, A(2) (b) (loss of "Recreation and/or extracurricular activities" for a maximum of 60 days) and A(3)(b) (loss of "Recreation and/or extracurricular activities" for "Category I Offenses" up to 90 days) (found at https://vadoc.virginia.gov/general-public/operating-procedures/ (last viewed Mar. 1, 2023).

officers and masturbated in front of them.[4]  Plaintiff was placed on cell restriction/disciplinary segregation, which included a loss of recreation. [Dkt. No. 13-1 at 2; 13-4].[5]

7.    Plaintiff admits that he is allowed out of his cell for showers on Tuesdays and Thursdays for twenty minutes at a time, and that he is also allowed out for court dates.  [Dkt. No. 1 at 5].

8.    The VDOC will not transfer Plaintiff to a state facility while he has outstanding criminal charges. [Dkt. No. 13-1 at 2].[6]

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on

---

[4] During the period of May 17, 2021 through February 28, 2022, Plaintiff was convicted of fourteen institutional infractions, which included: fighting; four counts of indecent exposure on different dates; throwing liquid into another cell; two counts of refusing to follow instructions, on different dates, one of which involved contraband; possession of a weapon; causing an unusual delay; damaging jail property (a tablet); causing a disturbance; throwing liquid on a trustee; and refusing to allow a security device to be secured.  [Dkt. No. 13-4].  In each of the fourteen instances, a consequence of the violation was no recreation. The total number of days between May 17, 2021 and February 28, 2022 is 287 days, or nine months and eleven days.

[5] Following one of his rule infractions in September 2021, Plaintiff was charged with the assault and battery of a correctional officer and simulated masturbation. The incident involved Plaintiff touching an officer's arm with his penis. [Dkt. Nos. 13-1 at 2; 13-6].  In his unsworn response, Plaintiff denies he touched or attempted to touch the officer with his penis. [Dkt. No. 16 at 2]. Plaintiff, however, does not dispute the fourteen institutional violations that resulted in his being placed on cell restriction and his loss of recreation.  Plaintiff's response is correct on one point: the criminal charges have nothing to do with his loss of recreation.  [Id.].  The criminal charges are irrelevant to the loss of recreation and the Court will not consider them in determining the motion for summary judgment.

[6] Plaintiff has charges outstanding in the Circuit Court of Suffolk County, Virginia. *See* Virginia's Judicial System, https://www.vacourts.gov/caseinfo/home.html (Case Status and Information, Suffolk Circuit Court, search "Grant, Abdul") (last viewed Mar. 1, 2023).

the pleadings is appropriate, *i.e.*, that no genuine issues of material fact are present for resolution. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts which a moving party bears the burden of proving are those which are material: materiality is dictated by "the substantive law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a moving party has met its burden of proof, the non-moving party must produce specific facts to generate a disputed issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court then views the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. *Porter v. U.S. Alumoweld Co.*, 125 F.3d 243, 245 (4th Cir. 1997). Nevertheless, "[o]nly disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

The non-moving party may not defeat a properly supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). This applies even where the non-moving party is a *pro se* prisoner. *Campbell-El v. Dist. of Columbia*, 874 F. Supp. 403, 406-07 (D.C. 1994); *see also* Local Civil Rule 7(K)(3) (to defeat a dispositive motion, a *pro se* party "must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the *pro se* party's version of the facts by offering affidavits ... or by filing sworn statements. Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Similarly, "[t]he mere existence of some alleged factual dispute" cannot defeat a motion for summary judgment; the dispute must be both "material" and "genuine," meaning that it "might

affect the outcome of the suit under the governing law." *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001) (emphasis omitted).

### III. Loss of Recreation

Grant alleges he was denied recreation from May 17, 2021 through February 28, 2022. Plaintiff admits that he was on cell restriction due to convictions for violating WTRJ rules, which he refers to as "write ups he caught." [Dkt. No. 16 at 1]. Although he alleges that he was "forced to sit in a cell for 24 hours straight day in & day out," he also admits that he was let out twice per week for twenty minutes at a time for showers and to go back and forth for court dates.[7] In short, he did not sit in a cell, day-in and day-out, for twenty-four hours per day for approximately ten months. The glaring factual conflict aside, he seeks to hold Defendants Bower, Blair, and Dupree liable because they handled his grievance. [Dkt. No. 1 at 5]. Defendants argue that handling a grievance is not a basis for § 1983 liability and that in any event Grant's loss of recreation was due to his repeated violations of WTRJ rules, violations that the Plaintiff has not denied.

### A. Loss of Recreation

To state a claim under § 1983, "a plaintiff must establish three elements ...: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Depriving an inmate of the opportunity to exercise is a condition of confinement that can

---

[7] Plaintiff does not indicate how many times he was out of his cell for court during the relevant period, May 17, 2021 through February 28, 2022, but since he used the plural in his response that Court will assume that he was out of the cell on at least two occasions.

6

violate the Eighth Amendment's protection against cruel and unusual punishment in certain circumstances. *See Mitchell v. Rice*, 954 F.2d 187, 193 (4th Cir, 1992).

A plaintiff seeking to demonstrate that prison conditions violated his Eighth Amendment rights "must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference ... on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).  Further, to satisfy the objective component regarding past conditions of confinement, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  "With regard to lack of recreation, an inmate must show specific harm resulting from the deprivation and a complete denial for an extended period of time." *Brown v. Lamanna*, 304 F. App'x 206, 207 (4th Cir. 2008).[8]  The Third Circuit has observed that in determining whether an inmate has established a "substantial deprivation" to support a claim of loss of recreation "courts should consider the totality of the circumstances, including, but not limited to, the length of the deprivation, the availability of recreation within the cell, and whether the inmate suffered any ill health effects as a result of the deprivation." *Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (citing cases).

---

[8] When an inmate complains of restrictions on his right to exercise, however, the Fourth Circuit has generally looked to the totality of the circumstances surrounding the restriction, as well as the reasons for the restriction, to determine whether the inmate's Eighth Amendment rights have been violated. While "generally a prisoner should be some regular out-of-cell exercise," "confinement or punishment conditions imposed under one set of circumstances may constitute an Eighth Amendment violation; yet the same conditions, imposed under different circumstances, would not." *Mitchell*, 954 F.2d at 191; *see also Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980). Accordingly, to violate an inmate's Eighth Amendment rights, officials must generally completely deny an inmate the right to exercise for "an extended period of time," and the inmate must suffer a "specific harm resulting from the deprivation." *Brown*, 304 F. App'x at 207. Without some indication that the restriction negatively impacted the inmate's physical or mental health, there is no Eighth Amendment violation. *See, e.g., Clay*, 626 F.2d at 347.

Here, Grant complains that he was denied recreation from May 17, 2021 through February 28, 2022. As the record reflects, he was on cell restriction with a loss of recreation during that time period due to his frequent violations of WTRJ rules and the resulting disciplinary actions during that period. The rule violations included incidents of sexual misconduct, fighting, property damage, and other assaultive behavior. Denial of recreation under these circumstances is not "barbarous" or violative of the Eighth Amendment's violation of cruel and unusual punishment. *See DeBlasio v. Johnson*, 128 F. Supp. 2d 315 325-26 (E.D. Va. 2000) (finding that a loss of recreation, telephone, canteen, and visitation privileges upon placement in disciplinary segregation does not violate the Eighth Amendment); *Neville v. Burnett*, No. 1:16-cv-441, 2016 U.S. Dist. LEXIS 70922 (E.D. Va. May 26, 2016) (finding no Eighth Amendment violation when inmate was denied recreation, visitation, and phone for 147 days in disciplinary segregation).

Moreover, to the extent that Plaintiff desired recreation, he has failed to establish that he "suffered serious or significant physical or mental injury" as a result of the restriction. *Strickler*, 989 F.2d at 1381. Indeed, Plaintiff fails to allege or to advance any evidence that he sustained injury from the lack of recreation. Plaintiff has established nothing more than a routine discomfort, not an extreme deprivation.

The Seventh Circuit decision in *Pearson v. Ramos*, 237 F.3d 881 (7th Cir. 2001) is pertinent to the factual circumstances in this case. In *Pearson*, the plaintiff sought damages for harm that he claimed to have suffered as a result of being denied access to out-of-cell recreation for an entire year. *Id.* at 883. Pearson committed four serious infractions within a six-month period and was punished for each infraction with a 90-day loss of out-of-cell recreation. *Id.* The 90-day loss of recreation sentences ran consecutively or were "stacked" so that Pearson ended up being denied out-of-cell recreation for an entire year.

8

The Seventh Circuit found that, generally, the 90-day loss of recreation was a reasonable rule and that the "denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual." *Id.* at 884. I t acknowledged that "a norm of proportionality" exists such that "imposing a 90-day denial of yard privileges for some utterly trivial infraction" could run afoul of the Eighth Amendment. *Id.* at 885. As in *Pearson*, the infractions committed by Grant were not trivial.

*Pearson* also considered whether the cumulative punishment of one year of loss of out-of-cell recreation was cruel and unusual, and held that it was not cruel and usual. *Id.* The Seventh Circuit explained that Pearson had committed four serious infractions within six months, marking him as violent and incorrigible. *Id.* It held that "[p]reventing access to the yard was a reasonable method of protecting the staff and the other prisoners from his violent propensities." *Id.* The Seventh Circuit held that the stacked loss of recreation sanctions did not constitute an Eight Amendment violation and that each sanction had to be considered separately

> [t]o allow [a violent and incorrigible inmate] to exercise in the yard would have given him additional opportunities to attack prison staff and set fires. Preventing access to the yard was a reasonable method of protecting the staff and the other prisoners from his violent propensities. Any objection to the punishment based on considerations of proportionality thus dissolves and leaves for consideration only whether the denial of yard privileges for a year does so much harm to a prisoner that it is intolerable to the sensibilities of a civilized society no matter what the circumstances. The answer is no....

> ****

> [I]t is wrong to treat stacked sanctions as a single sanction. To do so produces the ridiculous consequence of enabling a prisoner, simply by recidivating, to generate a colorable Eighth Amendment claim.... "If [the defendant] has subjected himself to a severe penalty, it is simply because he has committed a *great many* of such offenses. It would scarcely be competent for a person to assail the constitutionality of the statute prescribing a punishment for burglary, on the ground that he had committed so many burglaries that, if punishment for each were inflicted upon him, he might be kept in prison for life. The mere fact that cumulative punishments may be imposed for distinct offenses in the same prosecution is not material upon this question." Every disciplinary sanction, like every sentence, must be treated separately, not cumulatively, for purposes of determining whether it is cruel and unusual. Any other rule would permit a defendant, at the end of a long criminal

9

career, to ask a court to tack together all his criminal punishments and decide whether, had they been a single punishment, they (it) would have been cruel and unusual. Suppose a defendant sentenced to death had previously served 20 years in prison for an unrelated crime. Would it be open to him to argue that imprisoning a person for 20 years and then executing him constitutes cruel and unusual punishment? We think not.

*Pearson*, 237 F.3d at 885 (citations omitted).[9] The Defendants' motion for summary judgment will be granted.

## B. Grievance

In addition, Plaintiff's allegations against defendants Blair, Bower, or Dupree are premised upon their roles as administrators who responded to his complaint and/or grievance regarding recreation by informing Plaintiff that WTRJ did not follow VDOC policies. [Dkt. No. 1 at 5]. It is clear, however, that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Scott v. Kelly*, 107 F. Supp. 2d 706, 710 (E.D. Va. 2000) ("It is well established that inmates do not have a constitutionally protected right to participate in a prison grievance procedure." (cleaned up)). To the extent Grant alleges that Bower, Blair, and Dupree did not comply with WTRJ's grievance procedures, their alleged failure to comply with the WTRJ's grievance procedure does not violate any constitutionally protected right. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that not every violation

---

[9] *See also Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999) ("The Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes.") (citing *O'Neil v. Vermont*, 144 U.S. 323, 331 (1892) ("If [the defendant] has subjected himself to a severe penalty, it is simply because he committed a great many such offences.")); *United States v. Aiello*, 864 F.2d 257, 265 (2d Cir. 1988) ("Eighth amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence."); *cf. United States v. Hong*, 242 F.3d 528, 532 (4th Cir. ) ("The imposition of consecutive one-year terms of imprisonment for three of those convictions is not disproportionate.").

10

of state-created procedures amounts to a federal due process violation and noting that a state's failure to abide by its own law as to procedural protections is not a federal due process issue).

In addition, "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Consequently, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (simply "[r]uling against a prisoner does not cause or contribute to the [constitutional] violation"); *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) ("The 'denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.'" (citation omitted)).

## IV. CONCLUSION

For the reasons outlined above, Defendants' motion for summary judgment [Dkt. No. 12] will be granted. An appropriate order shall issue alongside of this Memorandum Opinion.

Entered this ___6___ day of ___March___ 2023.

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge

11